UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TORA L. ALLUMS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-269-JD-AZ |
| TROY HERSHBURGER, et al., | |
| Defendants. | |

OPINION AND ORDER

Tora L. Allums, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Allums is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Allums is a pretrial detainee at the Allen County Jail. He claims to have nerve damage and other medical problems from a prior gunshot wound. On May 25, 2025, an unnamed nurse (herein "Nurse Jane Doe") was in his cell tending to his cellmate's medical problem, and he asked her for help because he was in extreme pain and was

having difficulty urinating. He claims he was "balled into a circle" and could not get out of bed, but Nurse Jane Doe simply walked away without providing him any care. He further claims that Officer Dunning (first name unknown) saw the condition he was in but did nothing to help him when he asked for medical assistance. Based on this incident, he sues Nurse Jane Doe, Officer Dunning, Sheriff Troy Hershburger, and Quality Correctional Care ("QCC"), which employs medical staff at the jail.

Because Allums is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). To assert a Fourteenth Amendment violation, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Giving Allums the inferences to which he is entitled, he has alleged an objectively serious medical need related to pain and nerve damage from a prior gunshot wound. He claims that he asked both Nurse Jane Doe and Officer Dunning for medical assistance, and they saw he was curled in a ball and unable to get out of bed, but they

2

allegedly did nothing to help him. He will be permitted to proceed on a claim for damages against these two defendants under the Fourteenth Amendment.

It is permissible to sue a "placeholder defendant" in federal court, but as a practical matter an unnamed defendant cannot be served with process. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). The nurse must be identified and served within the two-year statute of limitations period and the deadline specified in Federal Rule of Civil Procedure 4(m). *Id.* The court has an obligation to assist Allums in trying to identify and serve this defendant. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). To expedite that process, the court will order QCC to provide the name of this individual, to the extent possible, based on the information Allums has provided.

Allums also sues the Sheriff, apparently because of his supervisory position. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and this high-ranking official cannot be held liable simply because he oversees operations at the jail. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Allums does not describe any personal involvement by the Sheriff in the May 25 incident. He has not alleged a plausible damages claim against the Sheriff in his personal capacity.

He may be trying to sue the Sheriff in his official capacity pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Under *Monell*, a municipality can only be held liable for the unconstitutional acts of its employees if "those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763,

771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). To allege a viable *Monell* claim, the plaintiff must describe an official policy that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing an unlawful custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Allums does not identify an official policy adopted by the Sheriff related to medical care at the jail that caused him injury. Nor does he allege facts permitting a reasonable inference that the jail has a widespread practice or custom of unconstitutional conduct related to the provision of medical care to detainees. Instead, he describes one incident in which a jail guard and nurse ignored him when he was having medical problems. This does not state a plausible *Monell* claim. *Howell*, 987 F.3d at 654.

It appears he may also be asserting a *Monell* claim against the Sheriff related to the grievance process at the jail. Specifically, he claims there are widespread problems with accessing grievance forms and jail staff do not always wear nametags so that they can be personally identified in a grievance. As a result, he claims he was unable to exhaust his administrative remedies. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011); *see also*

4

*Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016). If exhaustion becomes an issue at a later stage, Allums is free to argue that the grievance process was unavailable to him because of the problems he outlines. *See Woodford v. Ngo*, 548 U.S. 81, 102 (2006). However, his allegations do not give rise to an independent constitutional claim. Because the problems with the grievance process do not amount to a constitutional violation, Allums cannot state a claim under *Monell* on this basis. *See Petty v. City of Chicago*, 754 F.3d 416, 424–25 (7th Cir. 2014) (municipal liability under *Monell* requires an underlying constitutional violation). The Sheriff will be dismissed.

He also sues QCC for damages, alleging that this corporate entity "created a custom in their policy and their daily functions by allowing their medical staff to avoid responding properly by request form, emergency cell buttons, in person, or by GTL tablet, that has led to further delay or an outright refusal of proper medical treatment to a person with serious medical needs[.]" (ECF 1 at 3) (errors in original). There is no heightened pleading standard applicable to *Monell* claims, but the "plausibility" standard set forth in *Twombly* and *Iqbal* applies equally to *Monell* claims. *Gill*, 850 F.3d at 344; *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011).

Here, Allums makes a broad assertion, but he does not provide factual content from which the court could plausibly infer the existence of a widespread practice or custom of unconstitutional conduct by QCC. He does not describe any problems with written medical request forms, tablets, or call buttons, and only describes one incident in which a nurse refused him care after he made an in-person request for treatment. It is not plausible to infer from his minimal allegations that QCC had an unlawful custom or

practice that caused his injury. *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (*Monell* requires a plaintiff to show that an official policy or custom "was the 'moving force' behind his constitutional injury"); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (observing that "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [the plaintiff] that might be redressed by the law" is not enough to state a claim). He will not be permitted to proceed on a claim against QCC.[1]

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Nurse Jane Doe and Officer Dunning (first name unknown) in their personal capacity for money damages for denying him medical care in violation of the Fourteenth Amendment on or about May 25, 2025;

(2) GRANTS the plaintiff leave to proceed against Quality Correctional Care for the sole purpose of identifying Nurse Jane Doe;

(3) DISMISSES all other claims;

(4) DISMISSES Sheriff Troy Hershburger as a defendant;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

---

[1] The court has considered whether Allums is seeking injunctive relief in his complaint, but he only describes this one incident and requests $8 million in money damages, rather than some form of medical treatment. He asks generally that the court "enforce" the "constitutional rights of inmates," (ECF 1 at 4), but he is not permitted to seek relief on behalf of other inmates. *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999). If the court has misunderstood him, he is free to outline a current need for medical treatment in an amended complaint.

Officer Dunning (first name unknown) at the Allen County Jail and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Quality Correctional Care and to send this corporate entity a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Allen County Sheriff's Department and Quality Correctional Care to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(8) WAIVES Quality Correctional Care's obligation to answer the complaint and ORDERS this defendant to provide the name of the female nurse who was in the plaintiff's cell on or about May 25, 2025, attending to his cellmate's medical problem, or to file a notice explaining why the name of this individual cannot be provided by **September 1, 2025**; and

(9) ORDERS Officer Dunning to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 3, 2025

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT